IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | }   No. 09-20161-01-CM |
| MARVIN CLAY, | } |
| Defendant. | } |

**PLEA AGREEMENT**

The United States of America, by and through Assistant United States Attorney, Marietta Parker, and Marvin Clay, the defendant, personally and by and through defendant's counsel, James F. Speck, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the Information charging a violation of Title 18, United States Code, § 4, that is, misprison of a felony. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count One of the Information to which the defendant has agreed to plead guilty is not more than three (3) years of imprisonment, a $250,000 fine, one (1) year of supervised release, and a $100 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> Approximately one week before October 31, 2008, the defendant, Marvin Clay, met with Carva White (White) and discussed setting fire to the Sunflower Missionary Baptist Church in Leavenworth, Kansas, where both were employed,

the defendant was the church pastor and White was the minister of music. During that discussion, White told the defendant, in sum or substance, that he would start the fire and, because the church had insurance, they could get someone to submit inflated bids on the repair work and receive kickbacks on the repair work.

On Friday, October 31, 2008, White contacted the defendant and told him that he (White) had set the fire in the church but that it had not done enough damage to the structure because it had only caused $20,000 - $30,000 in damages. The defendant told White to "drop" the idea of burning the church for more insurance money but White told the defendant that it was too late and that they needed the insurance money. Later on the night of October 31, 2008, the Leavenworth, KS, Fire Department was dispatched to the church where they discovered a large fire in the structure.

On November 1, 2008, the defendant was interviewed by Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and was asked about his knowledge of the fire. During the interview, the defendant concealed from the agents the fact that he well knew that Carva White had admitted to starting a fire in the church on October 30, 2008, and had expressed his (White's) intention of setting a second fire on October 31, 2008, both fires set by White for the purpose of obtaining insurance proceeds. The defendant stipulates and agrees that he falsely stated to the agents during that interview that he knew of no one who would have started the fire at the Sunflower Missionary Baptist Church on October 31, 2008, in order to conceal his knowledge of the attempted insurance/mail fraud from the agents who were persons in civil authority under the United States.

3. **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range

determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count One, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees that it will :

- a. not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

- b. recommend a sentence at the low end of the applicable guideline range;

- c. recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty; and

- d. not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure;

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the

United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Defendant's Agreements.** The defendant agrees to cooperate fully and truthfully with the United States as follows:

   a. Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

4

      b.      Defendant agrees to provide all information concerning the defendant's knowledge of, and participation in, the offenses charged in the indictment and all related conduct;

      c.      Defendant agrees that if the United States determines the defendant has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this plea agreement and his sentencing, or has otherwise violated any other provision of this plea agreement, [or has violated the terms and conditions of his release while on bond as required by the Court,] the plea agreement may be voided and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of the defendant's cooperation, or upon leads derived therefrom, and this information may be used as evidence against the defendant. In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn;

      d.      Defendant agrees to fully and completely assist the United States in the identification and recovery of forfeitable assets, either domestic or foreign, which have been acquired directly or indirectly through the unlawful activities of the defendant, co-defendants, and/or co-conspirators and further agrees to not contest any forfeiture proceedings.

7.    **Substantial Assistance.**    The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e). The defendant also acknowledges and understands that the determination as to whether the defendant has provided substantial assistance and whether a motion pursuant to U.S.S.G. § 5K1.1 will be filed are left entirely and exclusively within the discretion of the United States. If a determination is made by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C.

§ 994(n), and U.S.S.G. § 5K1.1, and the defendant agrees not to seek a reduction beyond that recommended by the government.

8. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

9. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

10. **Identification of Assets.** A) The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind in which he has sole, joint or partial ownership or control OR was derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. Furthermore, the defendant agrees to provide all of his financial information to the United States Attorneys Office at the

same time that he provides such to the United States Probation Office as part of the presentence investigation procedure. Defendant consents to the release of the information from the United States Probation Office to the United States Attorneys Office should s/he neglect to separately provide such information to the United States Attorneys Office. Moreover, defendant agrees, if requested by either the United States Attorneys Office or the United States Probation Office, to participate in a pre-sentencing debtor's examination, which may include the taking of information from the defendant under oath.

    B) The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged, or otherwise under his/her custody or control. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1, to file a 5K1.1 motion, or any other sentencing recommendations contained in this agreement.

    C) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind,

derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. The defendant agrees to deliver to the United States of America, prior to sentencing, a completed financial statement identifying all of the defendant's assets. The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1 or any other sentencing recommendations contained in this agreement.

The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. The defendant specifically consents to the release tot he United States of America, prior to sentencing, all information provided to or obtained by the United States Probation Office as part of the Presentence Investigation Report prepared by that office. The defendant agrees to deliver to the United States of America, prior to sentencing, a completed financial statement identifying all of the defendant's assets. The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1 or any other sentencing recommendations contained in this agreement.

11. **<u>Withdrawal of Plea Not Permitted.</u>** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

12. **<u>Payment of Special Assessment.</u>** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the clerk of the court payment in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 5(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

13. **<u>Waiver of Appeal and Collateral Attack.</u>** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the

defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct

**14. Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**15. Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**16. Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or

inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**17.     Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**18.     No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_/s/ Marietta Parker_                                              Date: _January 14, 2010_
Marietta Parker
Assistant U.S. Attorney
500 State Avenue; Suite 360
Kansas City, Kansas 66101
Tel: 913-551-6674
Ks.D.Ct. #77807

11

_____  Date: 1/15/10
Marvin Clay
Defendant


_____  Date: 1/15/10
James F. Speck
Attorney for Defendant Marvin Clay
1125 Grand Blvd., Ste. 1700
Kansas City, MO  64106
Tel:  816-471-4141

12